**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____
                              )
In re:                        )
                              )
   STEVEN R. McCARTHY and     )     Chapter 7
   DEBRA E. McCARTHY,         )     Case No. 13-30959-HJB
                              )
              Debtors   )
_____)

**MEMORANDUM OF DECISION**

Before the Court are cross motions for summary judgment filed by the debtors and the Commonwealth of Massachusetts Department of Revenue ("MDOR") with regard to the "Debtors' Motion for Contempt Sanctions (Discharge Violation): Massachusetts Department of Revenue" (the "Contempt Motion"). Through the Contempt Motion, the debtors seek a determination that the MDOR's efforts to collect tax penalties associated with late filed returns violated the discharge injunction codified in § 524 of the United States Bankruptcy Code (the "Discharge Injunction").[1] In its defense, the MDOR says that the subject tax penalties were not discharged and, therefore, its collection efforts were not subject to the Discharge Injunction.

The First Circuit has recently held that unpaid taxes due to the MDOR under a late filed return are not dischargeable in bankruptcy. Fahey v. Mass. Dept. of Revenue (In re Fahey), 779 F.3d 1 (1st Cir. 2015). Here, the Court must determine whether the *penalties*

---

[1] See 11 U.S.C. § 101 et seq. All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

1

associated with such taxes are also non-dischargeable. For the reasons set forth herein, this Court holds that the penalties have been discharged.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

The facts in this case are not in dispute. The debtors, Steven and Debra McCarthy ("Mr. McCarthy", "Ms. McCarthy," and, together, the "Debtors"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 30, 2013 (the "Petition Date"). According to the Debtors, they filed the bankruptcy case to stop the MDOR from attaching the Debtors' wages on account of outstanding tax debt. The MDOR was included in the Debtors' matrix of creditors and Schedule D of their schedules of assets and liabilities and the MDOR timely filed a proof of claim on September 11, 2013. The case was subsequently converted to one under Chapter 7. On March 26, 2014, the Court issued an Order of Discharge granting to the Debtors a discharge of all of their dischargeable debts (the "Discharge Order"). The MDOR was sent notice of the Discharge Order on March 28, 2014. The case was closed on May 1, 2014. But the story did not end there.

Following the entry of the Discharge Order, the MDOR sent a bill, dated April 1, 2014 (the "April 1 Bill") to the Debtors demanding payment of taxes, interest, and penalties associated with the Debtors' personal income tax returns for the years 2001 through 2006, which they had not filed until 2008 and 2009 (more than three years prior to the Petition Date) (the "Late Filed Returns"). The April 1 Bill sought total payment of $63,536.81 - including penalties associated with the Late Filed Returns in the amount of $13,449.07 - and threatened collection action, including garnishment of the Debtors'

2

wages and revocation of the Debtors' drivers' licenses.[2] On June 12, 2015, the MDOR issued a revised notice (the "June 12 Bill"), which recalculated the accrued penalties, reducing them to $7,478.92.[3] The MDOR explains that the April 1 Bill and the June 12 Bill differ because the April 1 Bill seeks penalties assessed pursuant to Massachusetts General Law Ch. 62C, §§ 33(a) and 33(b) ("§ 33(a)"; "§ 33(b)"), while the June 12 Bill seeks penalties under § 33(b) only.[4]

In response to the MDOR's collection activity, the Debtors moved to reopen the bankruptcy case and contemporaneously filed the Contempt Motion. There, they allege that, despite the MDOR having received notice of the bankruptcy and the Discharge

---

[2] The penalties claimed by the MDOR (the "Late Pay Penalties") arise pursuant to Massachusetts General Law, chapter 62c, sections 33(a) and (b). Those sections provide that:

> (a) If any return is not filed with the commissioner on or before its due date or within any extension of time granted by him, there shall be added to and become a part of the tax, as an additional tax, a penalty of one percent of the amount required to be shown as the tax on such return for each month or fraction thereof during which such failure continues, not exceeding, in the aggregate, twenty-five percent of said amount.
> (b) If any amount of tax is not paid to the commissioner on or before the date prescribed for payment of such tax, determined with regard to any extension of time for payment, there shall be added to the amount shown as tax on such return a penalty of one percent of the amount of such tax for each month or fraction thereof during which such failure continues, not exceeding, in the aggregate, twenty-five per cent of said amount.

[3] The Debtors further allege that, on June 9, 2015, a representative of the MDOR called Mrs. McCarthy and threatened further action if a payment agreement was not reached.

[4] The MDOR represents in its "Supplemental Opposition to Debtor's Motion for Contempt Sanctions" and "Affidavit in Support of the Massachusetts Department of Revenue's Motion for Summary Judgment that, per the June 12 Bill, the § 33*(a)* penalties have been removed and the § 33*(b)* penalties remain. In its summary judgment motion, however, the MDOR represents that, per the June 12 Bill, the § 33*(b)* penalties have been removed and the § 33*(a)* penalties remain. It appears that one or the other is a typographical error and, ultimately, it has no bearing on the outcome here.

3

Order, the MDOR willfully violated the Discharge Injunction by demanding payment of (allegedly) discharged tax penalties that arose in connection with the Late Filed Returns.

In its original opposition to the Contempt Motion, the MDOR conceded that it sent the April 1 Bill and said that the penalty amounts were included in error. But in its supplemental opposition, the MDOR changed course, contending that the subject penalties, in the revised amounts set forth in the June 12 Bill, were not discharged on account of the exception contained in § 523(a)(7). The contours of the dispute having been redefined, the MDOR filed its "Motion For Summary Judgment (Non-Dischargeability of Penalties for Failure to Pay)," to which the Debtors responded by filing the "Debtors' Motion for Partial Summary Judgment as to Liability" (the "MDOR Summary Judgment Motion," the "Debtors' Summary Judgment Motion," and, together, the "Summary Judgment Motions").

II. <u>POSITIONS OF THE PARTIES</u>

Section 523(a)(7) of the Bankruptcy Code provides that a debt is excepted from the Chapter 7 discharge:

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty –
>
> (A)  relating to a tax of a kind *not specified in paragraph (1) of this subsection*; or
>
> (B)  imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition . . . .

The MDOR contends that because the taxes associated with the Late Filed Returns are nondischargeable as taxes that *are* specified in referenced paragraph (1) subsection (a),

4

the Late Pay Penalties are also nondischargeable under § 523(a)(7).  If the MDOR had its druthers, that would be the end of the inquiry.  In the MDOR's view, the conditions contained in § 523(a)(7)(A) and (B) are conjunctive – i.e., a penalty is dischargeable only if it does not relate to a tax specified in § 523(a)(1) *and* was imposed with regard to a transaction occurring more than three years before the petition date.  In the alternative, should the Court determine that a penalty is dischargeable so long as either subsection (A) or (B) applies, the MDOR further argues that the failure to pay a tax is a continuing "transaction or event" under § 523(a)(7)(B), and thus the Late Pay Penalties relate to a transaction or event which took place within three years of the Petition Date.

The Debtors interpret § 523(a)(7) differently.  In the Debtors' view, if *either* § 523(a)(7)(A) or (B) apply, the penalty is discharged.  The Debtors contend that the transaction or event which triggered the Late Pay Penalties was the expiration of the original deadlines to file the Late Filed Returns – all of which occurred more than three years prior to the Petition Date.  And, say the Debtors, § 523(a)(7)(B) specifically limits the discharge exception to penalties which were *first* assessed within three years of the bankruptcy filing.  Accordingly, the Debtors say the MDOR's argument that the failure to pay is a continuing event or transaction is contrary to the plain language of the statute and would render the three-year period meaningless.  Therefore, the Debtors maintain that (1) the Late Pay Penalties were discharged through the bankruptcy, and (2) the MDOR was enjoined from attempting to collect the Late Pay Penalties, and is liable for violating the Discharge Injunction.

III. DISCUSSION

A. **The Summary Judgment Standard & the Burden of Proof**

"In order to prevail on a motion for summary judgment, the moving party must show 'that there is no genuine dispute as to any material fact' and that it 'is entitled to judgment as a matter of law.'" *OneBeacon Am. Ins. Co. v. Commercial Union Assur. Co. of Canada,* 684 F.3d 237, 241 (1st Cir. 2012) (quoting Fed. R. Civ.P. 56(a)); see also, Weiss v. Wells Fargo Bank, N.A. (In re Kelley), 498 B.R. 392 (B.A.P. 1st Cir. 2013). "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law." *Id.* (internal citations omitted). The parties agree that there are no genuine disputes as to any material fact, and this matter is ripe for summary judgment.

The party seeking to establish that its debt is excepted from discharge bears the burden of proof by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); see also, In re Thirtyacre, 36 F.3d 697 (7th Cir. 1994); Nilsen v. Mass. Dept. of Revenue, et al. (In re Nilsen), 542 B.R. 640 (Bankr. D. Mass. 2015); Rossman v. United States (In re Rossman), 487 B.R. 18 (Bankr. D. Mass. 2012). As the MDOR defends itself against the Contempt Motion by arguing that the Late Pay Penalties are non-dischargeable, the burden of proof falls upon the MDOR.

B. **Section 523(a): Exceptions to Discharge Generally**

Section 523 excepts twenty-one categories of debts from the discharge granted to a Chapter 7 debtor. A Chapter 7 debtor who receives a discharge is relieved from all other debts that arose before the petition date, and it is well-settled that exceptions to discharge should be construed narrowly in favor of the debtor. See, e.g., Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987) (citing Matter of Vickers, 577 F.2d 683

6

(10th Cir. 1978); Dilworth v. Boothe, 69 F.2d 621 (5th Cir. 1934)); Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994)).  Indeed, "well-settled" is perhaps an understatement.  The narrow construction of exceptions to discharge is a bedrock principal underlying the goals and spirit of the Bankruptcy Code.  The narrow construction of exceptions to discharge "ensures that the 'honest but unfortunate debtor' is afforded a fresh start."  Id.

Typically, a dischargeability determination under § 523(a) is initiated by the filing of an adversary proceeding.  Fed. R. Bankr. P. 4007.  Here, the dischargeability of the Late Pay Penalties was raised as a defense to the Contempt Motion filed in the main case.  However, neither party has objected to the procedural posture of this dispute.  Nor is the MDOR's pursuit of a determination of the dischargeability of the Late Pay Penalties time-barred.  While an adversary complaint to determine the dischargeability of debt under § 523(a)(2), (4) and (6) must be filed within 60 days of the date first set for the meeting of creditors under § 341(a), no such time limit is imposed for determinations of the dischargeability of a debt under § 523(a)(7).

**C.     Section 523(a)(1) and In re Fahey: Dischargeability of Taxes**

Though at issue here is the dischargeability of penalties, and not taxes, the MDOR says that the recent evolution of the law on the dischargeability of taxes is determinative of the outcome of this dispute.

The dischargeability of tax obligations is governed by § 523(a)(1).  On February 18, 2015, the United States Court of Appeals for the First Circuit issued its decision in In re Fahey, 779 F.3d 1 (1st Cir. 2015), a consolidated appeal of four similarly-situated matters. In each of the cases, the debtors failed to timely file their Massachusetts income

7

tax returns. More than two years prior to their respective bankruptcy cases, each of the debtors filed late returns, but did not pay the taxes associated with those late returns. The debtors argued that the taxes could be discharged in their bankruptcy cases. The MDOR disagreed, arguing that the subject taxes fit within the exception to discharge set forth in § 523(a)(1)(B) - which provides in relevant part that an individual debtor is not discharged from a tax associated with a return that the debtor failed to file, or that he filed within two years of the commencement of the bankruptcy case.

Because each of the debtors had filed the returns more than two years before filing their bankruptcy cases, the question in Fahey was whether the late-filed returns qualified as "returns" under subsection (A). Prior to the 2005 enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), "return" was not defined in the Bankruptcy Code. In the absence of a statutory definition, evolving case-law defined the elements of a "return" as a document which: (i) purported to be a return; (ii) was executed under penalty of perjury; (iii) contained sufficient data to allow calculation of the subject tax; and (iv) represented an honest and reasonable attempt to satisfy the requirements of the tax law. See, e.g., Nilsen, 542 B.R. at 644 (Bankr. D. Mass. 2015) (citing to Beard v. Comm'r, 82 T.C. 766, 777-78 (1984)); Maitland v. State of New Jersey Division of Taxation (In re Maitland), 531 B.R. 516, 518 (Bank. D. N.J. 2015).

In 2005, however, BAPCPA added the following language to § 523(a):[5]

> For the purposes of this subsection, the term "return" means a return that *satisfies the requirement of applicable nonbankruptcy law (including applicable filing requirements)*. Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State of local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made

---

[5] This BAPCPA addition is contained in an unnumbered "hanging paragraph" which follows 11 U.S.C. § 523(a)(19).

8

> pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a) (emphasis added).

In <u>Fahey</u>, the First Circuit concluded that, under Massachusetts law, late-filed returns were not "returns" under the revised § 523(a)(1) because qualifying returns must be timely filed. Qualifying "returns" not having been filed, the First Circuit held that the associated taxes were excepted from discharge. The Fifth Circuit, in <u>McCoy v. Miss. State Tax Comm'n (In re McCoy)</u>, 666 F.3d 924 (5th Cir. 2012), and the Tenth Circuit in <u>Mallo v. United States (In re Mallo)</u>, 774 F.3d 1313 (10th Cir. 2014), have also concluded that a late filed return is not a "return" under § 523(a)(1)(B). <u>But</u> <u>see</u> <u>United States v. Martin (In re Martin)</u>, 542 B.R. 479 (B.A.P. 9th Cir. 2015).

Section 523(a)(1) (and the decision in <u>Fahey</u>), however, are limited to the dischargeability of *taxes*. The dischargeability of tax *penalties* is separately addressed in § 523(a)(7). <u>See</u> <u>Bair v. State of Ohio, Dept. of Taxation (In re Bair)</u>, 302 B.R. 564, 565 (Bankr. N.D. Ohio 2003) (citing <u>United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)</u>, 219 B.R. 741, 751 (6th Cir. BAP 1998)). Thus, the Court must turn to the language and requirements contained in that subsection.

**D.     Section 523(a)(7): Dischargeability of Penalties**

Again, § 523(a)(7) excepts from discharge any debt:

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty –
>
> (A)     relating to a tax of a kind not specified in paragraph (1) of this subsection; or
>
> (B)     imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition . . .

9

11 U.S.C. § 523(a)(7).[6]

Before assessing the specific requirements contained in § 523(a)(7)(A) and (B), this Court must first resolve the parties' dispute as to whether § 523(a)(7)(A) and (B) are conjunctive or disjunctive requirements – that is, for a debtor to receive a discharge of a tax penalty, must the penalty meet both the conditions of (A) and (B), or only one? The Court begins, where it must, with the statutory language. See, United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989).

Sticklers for proper grammatical construction bristle at the prospect of a double negative. Worse still, § 523(a)(7)(A) and (B) require the interpretation of a triple negative. Working through the grammatical labyrinth, however, leads to the conclusion that § 523(a)(7)(A) and (B) are separate and disjunctive exceptions to the premise that tax penalties are non-dischargeable. As nicely summarized by the Court of Appeals for the Eleventh Circuit:

> While the language of this subsection frames nondischargeable tax penalties as an exception to an exception to an exception, once the triple negative is taken into account the meaning of the provision gains clarity. A tax penalty is discharged if the tax to which it relates is discharged, (in the precise terms of the statute, not nondischargeable) or if the transaction or event giving rise to the penalty occurred more than three years prior to the filing of the bankruptcy petition. Since the statute uses the disjunctive, a tax penalty that does not qualify for discharge under one of the two aforementioned circumstances may still qualify under the other.

Burns v. United States (In re Burns), 887 F.2d 1541, 1544 (11th Cir. 1989); see also, Roberts v. United States (In re Roberts), 906 F.2d 1440 (10th Cir. 1990); Bair v. Ohio (In

---

[6] No party has argued that the Late Pay Penalties are compensation for an actual pecuniary loss, and, as a general rule, tax penalties are not meant to compensate for an actual loss, but rather "to punish those who fail to abide by the taxing structure, and to deter those who might be inclined to avoid tax payment." Bair, 302 B.R. at 566 (citing In re Manchester Lakes Assoc., 117 B.R. 221, 224 (Bankr. E.D. Va. 1990)).

10

re Bair), 302 B.R. 564 (Bankr. N.D. Ohio 2003); Henderson v. United States (In re Henderson), 137 B.R. 239 (Bankr. E.D. Ky. 1991); In re Frary, 117 B.R. 541 (Bankr. D. Alaska 1990).[7] The conclusion that § 523(a)(7)(A) and (B) are two separate and disjunctive exceptions is further supported by the rule of construction contained in 11 U.S.C. § 102(5), directing that the term "or" is not exclusive. [Emphasis added]; see also, Hopkins v. United States (In re Hopkins), 131 B.R. 308, 314 (Bankr. N.D. Tex. 1991).

1. *Section 523(a)(7)(A): Penalties Relating to a Tax Not Specified in § 523(a)(1)*

There is no dispute that the (aptly defined) Late Filed Returns were filed late. Nor have the Debtors disputed that, under the binding precedent of Fahey, the underlying taxes are non-dischargeable. Because the underlying taxes are of a kind specified in § 523(a)(1)(B)(i), the Late Pay Penalties do not meet the § 523(a)(7)(A) requirements for discharge.

2. *Section 523(a)(7)(B): "Transaction or Event" Associated With Penalties*

Massachusetts General Law, chapter 62c, § 33(a) specifies that penalties "shall be added" when a return is not filed "on or before its due date or within any extension of time granted by [the commissioner]." There is no dispute that the Late Filed Returns were each due more than three years prior to the Petition Date. Massachusetts General Law, chapter 62c, § 33(b) directs that penalties "shall be added" where a tax is not paid "on or before the date prescribed for payment." There is no dispute that the due dates for the

---

[7] Both the MDOR and cases holding to the contrary have resorted to a review of legislative history to reach their result. Though cumbersome and awkward, the triple negative language of § 523(a)(7) does not create ambiguity. This Court shall too "resolve the question of how to read legislative history in a simple fashion: by reading the statute and taking it at face value. Burns, 887 F.2d at 1551.

11

associated taxes were more than three years prior to the Petition Date. Accordingly, under the plain language of § 523(a)(7)(B), it would appear that the Late Pay Penalties *are* dischargeable, as they were imposed with respect to events (the missed deadlines) that occurred more than three years before the Petition Date.

But the MDOR argues that the "event" for purposes of § 523(a)(7)(B) was actually a continuing event – the continuing failure to pay the tax. This Court disagrees. The MDOR's interpretation is contrary to the plain language of the Massachusetts General Laws, which mandates the imposition of penalties upon the expiration of, respectively, the filing deadline and the payment deadline. The MDOR's interpretation is also contrary to the plain language of § 523(a)(7)(B), which identifies the relevant date as the date the penalty was "imposed." The Court concurs with the line of cases which have held that it is the due date, and not the assessment date, that is the triggering "transaction or event" which imposes the penalty –"[a]lthough the penalties imposed under the provision increase with each month the taxpayer remains in noncompliance, this monthly accretion merely changes the amount of the taxpayers liability – it does not alter the date of the transaction giving rise to the penalties." United States v. Hedgecock (In re Hedgecock), 160 B.R. 380, 383 (D. Ore. 1993); see also Fox v. United States (In re Fox), 172 B.R. 247, 250 (Bankr. D. Tenn. 1994); Frary v. United States (In re Frary), 117 B.R. 541, 549 (Bankr. D. Alaska 1990)

This Court holds that, with respect to each of the Late Filed Penalties, the applicable "transaction or event", for purposes of § 523(a)(7), was the expiration of the deadline to timely file the associated return (with respect to the § 33(a) penalties) and the expiration of the deadline to timely pay the tax (with respect to the § 33(b) penalties).

Because these events occurred more than three years prior to the Petition Date, they meet the conditions of § 523(a)(7)(B), and, therefore, the Late Pay Penalties were discharged.

### E. Section 524: Effect of the Discharge of the Late Pay Penalties

Pursuant to 11 U.S.C. § 524(a), a discharge ". . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . " Because the Late Pay Penalties were discharged by the Discharge Order, the MDOR's subsequent efforts to collect the Late Pay Penalties violated the Discharge Injunction.[8]

### IV. CONCLUSION

For all of the foregoing reasons, the MDOR's Summary Judgment Motion will be DENIED and the Debtors' Summary Judgment Motion will be GRANTED.

The Debtors have sought summary judgment as to the MDOR's liability only. What remains for determination is what, if any, damages have been suffered by the Debtors and what, if any, actual and punitive damages should be assessed against the MDOR. The question of damages is disputed and, even if it had been sought, is hardly appropriate for summary judgment. Therefore, the Court will schedule a further hearing on the Contempt Motion to address the issue of damages.[9]

---

[8] The issue of damages is not currently before the Court. Therefore, at this time, the Court need not address whether sovereign immunity bars the imposition of certain damages against the MDOR. Duby v. United States (In re Duby), 451 B.R. 664 (B.A.P. 1st Cir. 2011).

[9] The Debtors also allege that the MDOR has engaged in a pattern of demanding discharged penalties in other cases. Such allegation may be relevant to a determination of punitive damages, but that issue has been reserved pending the outcome of the question of liability.

Orders in conformity with this Memorandum shall issue forthwith.

By the Court,

*[signature: Henry Jack Boroff]*

_____
Henry J. Boroff
United States Bankruptcy Judge

Dated: July 11, 2016