# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

```
                              )
In re:                        )
                              )     Chapter 7
STEVEN R. McCARTHY,           )     Case No. 13-30959-FJB
DEBRA E. McCARTHY,            )
                              )
                 Debtors      )
                              )
```

## MEMORANDUM OF DECISION

Before the Court for a determination of damages only is the "Debtors' Motion for Contempt Sanctions (Discharge Violation): Massachusetts Department of Revenue" (the "Contempt Motion") filed by Steven and Debra McCarthy, the debtors in this Chapter 7 bankruptcy case. The Massachusetts Department of Revenue (the "MDOR") has previously been found liable for having violated the injunction against collection of discharged debts codified in § 524 of the United States Bankruptcy Code[1] (the "discharge injunction"), *see In re McCarthy*, 553 B.R. 459 (Bankr. D. Mass. 2016), leaving only the question of appropriate damages on account of that violation before this Court for determination.

I.      FACTS AND TRAVEL OF THE CASE

On August 30, 2013, the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code, largely in an effort to stop the MDOR from attaching their wages on account of

---

[1] *See* 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code" or the "Code"). All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

outstanding tax debts.  The case was subsequently converted to one under Chapter 7 of the Code

at the Debtors' request.  Ultimately, the Chapter 7 trustee determined that there were no assets to

administer, the Debtors received a discharge, and the case closed on May 1, 2014.

The tax debts owed to the MDOR on account of late-filed tax returns for the years 2001

through 2006, however, were not subject to the Debtors' discharge, and the MDOR recommenced

its efforts to collect those taxes.  The MDOR sent its first post-discharge bill to the Debtors on

April 1, 2014, a month prior to the case closing.  It sent a second, revised, tax bill on June 12,

2015, containing a recalculation and reduction in the amount of penalties sought in connection

with the unpaid taxes.

In response to the MDOR's collection activities, the Debtors moved to reopen their

bankruptcy case and filed the Contempt Motion, alleging that the MDOR was violating the

discharge injunction through its collection efforts.  Although the First Circuit had recently issued

a decision holding that taxes owed on account of late-filed state tax returns (such as the Debtors'

2001 through 2006 tax debts) were not discharged in bankruptcy, *see Fahey v. Mass. Dep't of*

*Revenue (In re Fahey)*, 779 F.3d 1 (1st Cir. 2015), the Debtors believed that the ruling applied

only to principal and interest, and not to penalties.  Accordingly, the Debtors argued that the

MDOR's continued efforts to collect the penalties related to the nondischarged tax debt violated

the discharge injunction. In connection with the alleged discharge injunction violation, the Debtors

also sought an award of attorney fees, emotional distress damages, and punitive damages against

the MDOR.

In response, the MDOR first noted that, in the July 12, 2015 tax bill, it had revised and

reduced the amount of penalties claimed to be owed.  And as to the remaining penalties demanded,

the MDOR believed they were not discharged based on the *Fahey* decision because they were

2

assessed with regard to the nondischarged 2001-2006 taxes.  The MDOR further argued that, under extant case law, neither emotional nor punitive damages could be assessed against it as a governmental unit, as its sovereign immunity was not waived with regard to those particular types of recovery.  *See, e.g. United States v. Torres (In re Torres)*, 432 F.3d 20 (1st Cir. 2005); *Duby v. United States (In re Duby)*, 451 B.R. 664, 671 (B.A.P. 1st Cir. 2011).

Although the question of whether the assessed penalties were or were not subject to the Debtors' discharge was purely a legal issue, at the initial hearing on the Contempt Motion, held July 22, 2015, Debtors' counsel, L. Jed. Berliner ("Attorney Berliner"), requested discovery with regard to whether there was "sufficient numerosity to establish a class action,"  7/22/15 Hr'g Transcript, at 3:2-3, ECF No. 68, and to whether emotional distress and/or punitive damages were warranted.  The presiding bankruptcy judge, Judge Henry J. Boroff, set a discovery deadline of November 20, 2015 and continued the matter for a nonevidentiary hearing in December 2015.

Shortly thereafter, in August 2015, the Debtors moved to amend the Contempt Motion to add Mark E. Nunnelly, Commissioner of the MDOR, as an additional respondent.  In the face of stringent opposition from the MDOR, the Debtors ultimately withdrew that motion.

The day before the continued hearing on the Contempt Motion, and nearly a month after the expiration of the discovery deadline, Attorney Berliner filed a "Motion to Suspend Discovery and Set Deadlines for Summary Judgment Motions" (the "Discovery Motion").  In the Discovery Motion, the Debtors again raised the prospect of seeking class relief, but abandoned their contention that emotional distress damages or punitive damages were recoverable against the MDOR.  *See* Discovery Motion, at 2 ¶ 3, Dec. 15, 2015, ECF No. 79.  But the Debtors also admitted that they had, so far, failed to promulgate any discovery on the MDOR and had not responded to MDOR's discovery.  The Discovery Motion urged the Court to suspend discovery pending a ruling

on the pure legal issue related to liability (i.e., the dischargeability of the penalties) and requested

that the Court set a deadline for filing summary judgment motions on that issue.

At the conclusion of the hearing on the Discovery Motion, Judge Boroff set a deadline for

filing summary judgment motions on the issue of liability and further ruled:

> THE REQUEST TO SUSPEND DISCOVERY IS DENIED INSOFAR AS THE DEBTORS ARE ORDERED TO RESPOND TO, AND COMPLY WITH, DISCOVERY REQUESTS PREVIOUSLY MADE BY THE COMMONWEALTH OF MASSACHUSETTS, ON OR BEFORE JANUARY 15, 2016.

Dec. 16, 2015, ECF No. 84.  The parties subsequently filed cross-motions for summary judgment.

On July 11, 2016, Judge Boroff issued a decision on liability, granting summary judgment in favor

of the Debtors, ruling that the penalties *were* dischargeable, even if the underlying taxes were not.

*See In re McCarthy*, 553 B.R. 459.

A further status conference in the case was set for September 2016.  Judge Boroff having

retired in the interim, the case was reassigned to this Court.  At the status conference, Attorney

Berliner changed course from his earlier statement that punitive damages were not available and

requested a new discovery deadline to allow him to explore whether the MDOR had a pattern and

practice of demanding discharged penalties in other cases, which, according to Attorney Berliner,

could establish that punitive damages were warranted.  Attorney Berliner read Judge Boroff's

ruling on the Discovery Motion as requiring him to respond immediately to the MDOR's pending

discovery requests, but suspending further discovery on damages pending a determination of

liability.  He bolstered his argument by noting that, in the summary judgment ruling, Judge Boroff

had specifically stated that "the determination of punitive damages . . . has been reserved pending

the outcome of the question of liability."  *McCarthy*, 553 B.R. at 467 fn. 9.

After examining the record in the case, including Judge Boroff's ruling on the Discovery

Motion and the statement in the summary judgment ruling, this Court agreed that Judge Boroff had left the door open for the Debtors to pursue additional discovery related to damages following the liability ruling.  Accordingly, this Court set a new discovery deadline, allowing discovery to proceed, but only with regard to the issue of punitive damages, including discovery related to the MDOR's alleged pattern and practice of attempting to collect discharged penalties related to nondischargeable debts.

The MDOR responded by immediately filing a motion requesting a determination that punitive damages are not available under 11 U.S.C. § 106(a)(3), and asking for the reopened discovery to be suspended pending the Court's ruling.  Attorney Berliner responded to that motion by recharacterizing his reference to punitive damages, claiming instead that he wanted discovery to explore the necessity of "coercive civil contempt damages."  And he again referenced a need for discovery to determine whether it was appropriate to seek class certification.

At the hearing on that motion, the Court stated that class certification was inappropriate given the stage of litigation, and noted that the short discovery extension was limited only to discovery related to punitive damages.  However, as Attorney Berliner conceded that punitive damages were not available, the Court ruled that discovery was concluded and set an evidentiary hearing on the issue of actual damages, including attorney's fees.

At the evidentiary hearing on damages held on January 26, 2017, the Debtors failed to appear and testify as to any actual damages sustained by them, leaving only the issue of the amount of attorney's fees compensable on account of the MDOR's violation of the discharge injunction. Attorney Berliner submitted an affidavit, along with an itemization of his fees, indicating that he and his staff had spent over 71 hours on this matter, for a total fee request of $24,627.00.  He further requested compensation for costs totaling $123.50.  In the course of the evidentiary hearing,

5

the Court excluded three of the time entries, representing $547.00 in requested fees, but indicated

that the Court would consider Attorney Berliner's allowance of fees with respect to the estimates

of 4.5 hours spent in preparation for, and attendance at, the evidentiary hearing.[2] As to the

remaining fees, the MDOR was granted an opportunity to cross-examine Attorney Berliner, and

Attorney Berliner provided additional testimony on re-direct.  At the conclusion of the hearing,

the parties were invited to submit post-trial briefs, which they did.  Thereafter, the Court took the

matter under advisement.

II.    DISCUSSION

1.  The Analytical Framework

Violations of the discharge injunction, like violations of the automatic stay imposed by

§ 362 of the Bankruptcy Code, entitle debtors to actual damages incurred as a result of the

violation.  *See Duby v. United States (In re Duby)*, 451 B.R. 664, 674 (B.A.P. 1st Cir. 2011);[3] *see*

*also Bessette v. Avco Fin. Servs. Inc.*, 230 F.3d 439, 445 (1st Cir. 2000).  Included among those

actual damages are attorneys' fees, "provided that they are reasonable."  *In re Barry*, 330 B.R. 28,

38 (Bankr. D. Mass. 2005).  In absence of a statutorily mandated method for calculating fees, "fee-

shifting" awards are generally subject to a lodestar analysis for determining what constitutes a

reasonable fee.  *See, e.g.*, *Lopez v. Consejo de Titulares del Condominio Carolina Court*

---

[2] In addition to the arguments addressed below, during the course of the evidentiary hearing, the MDOR questioned whether Attorney Berliner's time spent defending his fee application was compensable in light of *Baker Botts, LLP v. ASARCO LLC*, -- U.S. --, 135 S.Ct. 2158 (2016).  The Court invited the MDOR to address this legal argument in its post-trial brief, which it failed to do.  Accordingly, the Court deems the argument waived and will credit Attorney Berliner for his estimated 4.5 hours of work spent in preparation for and attendance at the evidentiary hearing.  *See* 1/26/17 Hr'g Transcript, at 69:21-70:9, ECF No. 153.

[3] Accordingly, cases involving awards of damages for violations of the automatic stay are relevant to an analysis of appropriate damages for a violation of the discharge injunction.

*Apartments (In re Lopez)*, 405 B.R. 24, 30 (B.A.P. 1st Cir. 2009).   The First Circuit Court of

Appeals has recognized that the lodestar analysis generally mirrors the factors used to determine

a reasonable fee pursuant to § 330 of the Bankruptcy Code, and has explained that:

> [u]nder the lodestar method, a court determines a fee award by multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure.  When computing the number of hours productively spent, the court should discount time spent on unnecessary, duplicative, or overworked tasks.

*Berliner v. Pappalardo (In re Sullivan)*, 674 F.3d 65, 69 (1st Cir. 2012) (citations omitted).

The MDOR has raised several objections to the fees requested by Attorney Berliner.  Based

on its objections, the MDOR posits that Attorney Berliner should be entitled to compensation for

19.8 hours of work in this case at a rate of $125 per hour, for a total fee compensation of $2,475.00.

The Court will address each of the MDOR's arguments in turn.

### 2.  Hourly Rate

The MDOR first argues that Attorney Berliner's hourly rate of $350 must be reduced in

accordance with § 106(a)(3) of the Bankruptcy Code.  Section 106(a)(3) provides that an award of

damages against a government unit "shall be consistent with the provisions and limitations of [28

U.S.C. § 2412(d)(2)(A)]."  11 U.S.C. § 106(a)(3).  Section 2412(d)(2)(A), in turn, limits the hourly

rate for attorney fees to "$125 per hour unless the court determines that an increase in the cost of

living or a special factor, such as the limited availability of qualified attorneys for the proceedings

involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

The MDOR did not raise this argument during the course of these proceedings until the

filing of its post-trial brief.  It neither discussed the applicability of § 2412(d)(2)(A) during oral

argument nor cross-examined Attorney Berliner relative to whether the cost of living or other

special factors justified his higher hourly rate.  The MDOR's failure to indicate its intention to rely

on the § 2412 fee limitation in this case deprived Attorney Berliner of an opportunity to address

the argument through presentation of relevant evidence during the evidentiary hearing.  Because

Attorney Berliner was not apprised of the MDOR's § 2412 argument prior to the evidentiary

hearing, he had no opportunity to mount a defense, and the Court therefore deems this argument

to have been waived.  *Cf. Rodriquez v. Doral Mortgage Corp.*, 57 F.3d 1168 (1st Cir. 1995) (where

certain claims were not raised in a complaint, through other pleadings, or at oral argument, and no

evidence at trial relevant to those claims was adduced, the plaintiff was not entitled to relief on

those claims post-trial).

The Court notes, however, as indicated by the MDOR during cross-examination of

Attorney Berliner, that the fee agreement between the Debtors and Attorney Berliner in this case

recites an hourly fee of $315, not the $350 hourly fee used to calculate the instant fee request.  *See*

Discl. Of Compensation of Atty. for Debtor(s) – Amended, Sept. 25, 2013, ECF. No. 23.  In light

of the fact that no subsequent agreement between the Debtors and Attorney Berliner has been

submitted to establish their acquiescence to an increase in the hourly rate to be charged, the Court

finds that the appropriate hourly rate for Attorney Berliner's time in this matter is $315 per hour.

3.  Abandoned and Unsuccessful Theories

The MDOR's most substantive objections relate to time spent by Attorney Berliner

pursuing various legal theories and arguments that were ultimately abandoned – namely, time

spent on emotional distress damages, punitive damages, certification of a class action, allegations

premised on a prior case, *In re Venne*, 06-41395-HJB (Bankr. D. Mass. 2006), and the effort to

add Commissioner Nunnelly as a respondent.  The MDOR argues that the time spent on those

endeavors was fruitless, and thus cannot be considered reasonable or necessary under the lodestar

analysis.

Whether or not Attorney Berliner could or would have been successful in pursuing those various claims, the Court finds that the time spent on those unsuccessful endeavors cannot be compensated here. In analyzing allowable compensation for attorneys' fees under fee-shifting principles, the First Circuit has held that litigants "generally may not recover attorneys' fees on unsuccessful claims." *Trainor v. HEI Hospitality, LLC*, 699 F.3d 19, 35 (1st Cir. 2012). Here, not only were the referenced claims unsuccessful, but they were ultimately wholly abandoned by the Debtors. While much time researching the availability of the claims is reflected in the itemization of fees, the Debtors never seriously pursued those theories and, in fact, never promulgated any discovery to determine their plausibility.

Had the unsuccessful or abandoned claims been "interrelated with successful claims," i.e., had the unsuccessful claims "include[d] 'a common core of facts' or [were] premised on a 'related legal theor[y] linking [them] to the successful claim,'" then the Court could award compensation for the time spent pursuing the unsuccessful or abandoned claims. *Trainor*, 699 F.3d at 35 (quoting *Garrity v. Sununu*, 752 F.2d 727, 734 (1st Cir. 1984)).[4] But the factual and legal bases for entitlement to class action relief, emotional distress damages, and punitive damages, as well as time spent reviewing the *Venne* case and exploring the Debtors' actual damages (which the MDOR did not reference, but was clearly reflected in Attorney Berliner's time entries) – were entirely separate from the factual and legal issues related to liability. This is clear not only from the fact

---

[4] *See also Bogan v. City of Boston*, 489 F.3d 417, 428 (1st Cir. 2007) (explaining that hours spent on unsuccessful claims can been compensated when interrelated with successful claims "because '[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'") (quoting *Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 278 (1st Cir. 2000)).

that the time entries on the itemization of fees clearly delineate between the issues, but also from

Judge Boroff's decision that it would be more efficient to bifurcate the matter between liability

and damages.

The Court determines, upon review of Attorney Berliner's time entries on the itemization

of fees, that a total of approximately 16.3 hours were spent on work relating to the abandoned and

unsuccessful claims.[5]  Accordingly, the Court will reduce the total compensable hours by 16.3 for

time spent on unsuccessful and abandoned claims.

   4.  Clerical Work

The MDOR next criticizes Attorney Berliner's fee request for failing to separately itemize

and reduce the hourly rate for tasks the MDOR claims are purely clerical in nature.  While the

Court does not dispute the MDOR's general proposition that clerical work should not necessarily

be compensated at an attorney's normal hourly rate, the MDOR failed to adequately establish that

the time entries it marked as "clerical" should be excluded or the hourly rate with regard to those

matters reduced.  During the evidentiary hearing, in response to the MDOR's suggestion that it

would forego detailed cross-examination of Attorney Berliner related to work the MDOR argued

was purely clerical, the Court acquiesced to the MDOR's suggestion that specific time entries be

identified through post-trial briefing.  But the Court specifically admonished the MDOR that the

Court would need to be sufficiently persuaded that certain time entries should be compensated at

a lower rate due to the clerical nature of the tasks.  The Court suggested that if the MDOR needed

to establish an evidentiary basis to support its argument, that it should do so during the evidentiary

---

[5] Because two of the time entries – those on June 24, 2015 and July 22, 2015 – lumped several tasks, some
of which the Court believes *are* compensable, the Court estimated that .5 and .7 hours, respectively, were
spent on noncompensable matters.

hearing, noting that "[i]f [the Court] can't figure out that [the] entry is [an] administrative task, then [the Court] won't be able to exclude it." 1/26/17 Hr'g Transcript, at 41:2-4. In its post-trial brief, while the MDOR provided a mark-up indicating that certain time entries should be delineated clerical tasks, it provided no further explanation for that assertion, asking only that "the Court, guided by equitable principles, take this billing practice into account in fashioning an award of reasonable attorney fees." MDOR Post-Trial Brief, at 12, Feb. 16, 2017, ECF No. 158.

The MDOR having failed to specifically establish that the entries in the itemization of fees it claims were clerical in nature were in fact of the type for which a reduced hourly rate should apply, the Court declines to reduce the fee award on that basis.

5.  <u>Excessive, Vague, and Duplicative Time Entries</u>

The MDOR also maintains that compensation should be reduced on account of Attorney Berliner's failure to sufficiently detail the activities performed in connection with certain time entries – arguing that the entries are too vague to allow the Court to assess the reasonableness or necessity of the work performed. In addition, the MDOR marked certain time entries as "excessive" or "duplicative" without further discussion. With regard to the allegedly excessive time entries, the Court has reviewed the time entries denoted as such, but is not persuaded that Attorney Berliner spent excessive time on the tasks described.

As to the allegedly vague time entries, the Court disagrees with MDOR regarding the majority of entries so marked, but does concur that the time entry for August 6, 2015, described as "detailed emt Natl Cons Bankr Rights Ctr" is too vague to establish a legitimate relation to the current litigation and will accordingly reduce Attorney Berliner's compensable time by .4 hours. The Court also agrees with the MDOR's identification of two time entries on June 10, 2015,

marked "mot/sanctions," as duplicative, and will further reduce Attorney Berliner's compensable time by 2.20 hours on account of the duplicate entry.  In sum, the compensable hours will be reduced by a total of 2.6 hours for vague and duplicative time entries.

    6.  <u>Mitigation of Damages</u>

In addition to substantive attacks on Attorney Berliner's time spent on various tasks in this case, the MDOR says that the fees requested should be further reduced on account of Attorney Berliner's failure to mitigate damages.  First, the MDOR complains of Attorney Berliner's 14-month delay in filing the Contempt Motion following the receipt of the first tax bill in April 2014.  Had Attorney Berliner acted promptly, the MDOR says, the motion would have been filed before the closing of the case an Attorney Berliner would have avoided spending time drafting the motion to reopen the case.  Furthermore, the MDOR argues that, had Attorney Berliner reached out to the MDOR prior to filing the Contempt Motion, the contested issues may have been resolved more efficiently and promptly.

The MDOR is correct that, in many cases, a debtor's failure to mitigate damages, including a failure to attempt a resolution with the offending party prior to filing a contempt or sanctions motion on account of violations of the automatic stay or discharge injunction, is an important factor that may warrant the reduction of compensable attorneys' fees.  *See, e.g., In re Silk*, 549 B.R. 297, 302 (Bankr. D. Mass. 2016) (collecting cases).  Here, however, the Court cannot discern any alternative course of action that would have substantially reduced the amount of time Attorney Berliner spent on this case.

With regard to Attorney Berliner's delay in bringing the Contempt Motion, the Court finds that the delay was reasonable because, at the time the first tax bill was issued, the *Fahey* case,

which had an important legal relationship to the issues raised here, remained pending before the First Circuit Court of Appeals. The Court finds Attorney Berliner's advice to the Debtors to await a decision in the *Fahey* case before proceeding with the Contempt Motion to be a reasoned, and perhaps preferable, course of action. Although Attorney Berliner did expend some time in drafting a Motion to Reopen the case, the Court notes that he has not included the fee for reopening the case in his request for cost reimbursement. And had he wanted to avoid the reopening fee, his alternative course of action would be to request the Court to delay closing of the case pending a resolution in *Fahey* – which request would also include the drafting of a motion.

As to Attorney Berliner's failure to contact the MDOR prior to filing the Contempt Motion, the Court finds, in this narrow circumstance, that this failure to communicate did not increase his fees substantially, if at all. The MDOR concedes that, although it ultimately removed certain penalties in its amended tax bill issued in July 2015, it remained steadfast in its contention that the remaining penalties were *not* discharged. The litigation that ensued was inevitable in light of that position, and no amount of pre-filing communication would have obviated Attorney Berliner's need to communicate with his clients, formulate a strategy, and fully research and brief the relevant legal issues necessary to resolve the case. Accordingly, the Court finds that, in the context of these particular proceedings, the Debtors could have done nothing more to mitigate their damages, and the Court declines to further reduce Attorney Berliner's requested fee.

7. <u>Fee Request in Relation to the Amount of Damages</u>

Finally, the MDOR urges the Court to consider Attorney Berliner's requested fee because, apart from obtaining a ruling that approximately $7,000 in tax penalties were, indeed, discharged, the Debtors did not establish any additional damages. According to the MDOR, the fees sought

are unreasonable in relationship to the benefit of the litigation to the Debtors.

While a "Court may consider a lack of actual damages when determining the reasonableness of attorneys' fees and costs," *Silk*, 549 B.R. at 303 (quoting *Duby v. United States (In re Duby)*, No. 08-1160, 2010 WL 2867447, at *2 (Bankr. D.N.H. July 21, 2010), *aff'd in part and rev'd in part on other grounds*, 451 B.R. 664, 674 (B.A.P. 1st Cir. 2011)), this consideration is but "one element in the constellation of factors that the court considers when determining the quality of the results obtained," *Lopez*, 405 B.R. at 31 (quoting *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 338 (1st Cir. 1997)).  Here, in light of the reduction of fees discussed above, the Court finds that no further reduction is warranted simply because the Debtors have declined to seek compensatory damages other than attorney's fees.  The legal issues raised in this case were, despite the MDOR's assertion to the contrary, more complex than those often encountered in day-to-day bankruptcy practice.  In addition, in light of the changing legal landscape created by the *Fahey* decision and the uncertainty regarding ancillary legal issues such as those in the Contempt Motion, the Court finds that absence of damages other than attorney fees incurred in resolving this case does not mandate a reduction in the amount of compensable fees. The ruling obtained by the Debtors in this case laid to rest an unsettled issue of law likely to impact the scope of the fresh start not only for the Debtors here, but for Debtors across Massachusetts. The individual impact of the ruling in this particular case – the discharge of approximately $7,000 in penalties assessed by the MDOR – combined with impact of the decision on other Debtors, more than justifies the award of attorney's fees for the work performed in this case.

III.   <u>CONCLUSION</u>

For all the foregoing reasons, the Court finds and rules that Attorney Berliner is entitled to

compensation for 55.2 of hours of work performed in this matter at a rate of $315 per hour,

resulting in a total fee award of $17,388.00.  In addition, the Court will award reimbursement of

costs in the amount of $95.00[6]  An order in conformity with this Memorandum will issue forthwith.


DATED: October 3, 2017                          By the Court,

                                                _____
                                                Frank J. Bailey
                                                United States Bankruptcy Judge

---

[6] The itemization of fees and costs requests reimbursement of $123.50 for costs incurred in connection with this matter, but there appears to be an error in the cost calculation.  The itemized costs include a $65.00 charge on July 28, 2015 for a transcript and a $30.00 charge on August 11, 2015 for a recording of the hearing, totaling $95.00.  An entry dated August 10, 2015 in the amount of $28.50 was added to the request for cost reimbursement, but that charge is described as a *refund* for an overpayment related to the transcript. Accordingly, the Court has deducted $28.50 from the costs awarded.

## Appendix

The following is a copy of the itemization of fees submitted by Attorney Berliner, *see* Affidavit of L. Jed Berliner, Esquire, Jan. 20, 2017, ECF No. 142, indicating the fees and costs excluded or reduced by the Court in calculating the compensable fees and costs in this case.

Legend

Green Highlight – Fees excluded during evidentiary hearing.

Yellow Highlight – Fees excluded or reduced as related to unsuccessful or abandoned claims.

Blue Highlight – Fees excluded as related to vague or duplicative claims.

Purple Highlight – Cost excluded as apparently claimed in error.

**Berliner Law**
**1441 Main Street, Suite 601**
**Springfield MA 01103-1450**
Telephone: (413) 788-9877
Facsimile: (413) 746-9877

January 20, 2017

Steven R. McCarthy
Debra E. McCarthy
1241 East Street
Ludlow MA 01056
In Reference To:    Bankruptcy

Statement for Professional Services Rendered and Costs Advanced

| | Amount |
|---|---|
| Total amount of this bill | $24,750.50 |
| Balance due | $24,750.50 |

No payment is currently due.  This statement and the "Balance due" is submitted for your advance review.

WE APPRECIATE THE OPPORTUNITY TO BE OF SERVICE.

Steven R. McCarthy                                                      Page    2

Professional services

|  |  |  | Hours |
|---|---|---|---|
| 04/04/14 MRB | tcf W that they just got a bill in the mail from MDOR for 63k that they thought was disch in bkptcy<br>-  MRB told W she needs to send us a copy of the bill<br>-  (MRB question to LJB:  how much you want to make a bet it's for taxes where the returns were filed late so MDOR is going to claim that they aren't discharged?) | | 0.10 |
| 05/28/14 MRB | review Pendergast v. Ma. Dep't of Revenue, 2014 Bankr. LEXIS 2036 (B.A.P. 1st. Cir. May 2, 2014)<br>-  MA tax rets filed late are dischargeable if it has been 2 years since the returns were filed<br>-  MA tax rets filed after MDOR has filed an assessment against the debtors for the particular tax years in question are not treated under state law as returns, they are instead treated as abatement applications and are not considered returns and are therefore non-dischargeable; noted that MDOR does not have to give notice that they're going to assess for a particular year, only have to give notice after they've done it<br>-  also states that the IRS position w/ regard to federal taxes has been that the taxes are dischargeable if more than 2 years have passed since the ret was filed even if the return was late, but if the IRS has already filed an assessment of the taxes against the debtor before they debtor filed their return then the taxes are not dischargeable (so the IRS position is what the BAP has decided)<br>(LJB: see also debtor's late-filed returns supported discharge of the relevant state income taxes. Gonzalez v. Massachusetts Department of Revenue (In re Gonzalez), ___ B.R. ___, 2014 WL 888460 (BAP 1st Cir. March 6, 2014). | | 0.20 |
| 05/30/14 LJB | initialize McCarthy/MDOR, begin thorough review of notices, correspondence, various cases, revisions to chrono | | 1.40 |
| 06/09/15 MRB | rev'd CA1 02/18/15 Fahey Opinion re late-filed MA tax rets to see how penalties treated;  file memo prepared | | 0.40 |
|  | LJB | review MRB rs memo on penalties, review 523-a-7-B & MDOR position in prev case sep'g penalties discharged status from princ & int nondisch'd status, task MRB to obtain any MDOR prepet demand for penalties more than three yrs prepet to infer current demand is for same discharged penalties | 0.40 |
|  | MRB | rev MDOR 04/01/14 (postpetition, bkptcy filing date was 08/30/13) consolidated bill for $63,536.81<br>-  included in the total is $13,449.07 worth of penalties for the following years, all more than 3 yrs prepetition (ljb: and therefore discharged per 523-a-7-B):<br>-  2001 (returns due April 2002)  $2,077<br>-  2002 (returns due April 2003) $3,423.50<br>-  2003 (returns due April 2004)  $2,219<br>-  2004 (returns due April 2005)  $1,980.31<br>-  2005 (returns due April 2006)  $2,040.50<br>-  2006 (returns due April 2007)  $1,708.76 | 0.20 |

Steven R. McCarthy                                                Page     3

|            |     |                                                                                                                                   | Hours |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------------------|-------|
| 06/09/15   | LJB | emt W for name & # of MDOR caller,<br>- advising appellate case was in favor of MDOR.                                              | 0.10  |
| 06/10/15   | LJB | rev/resp emf W, unhappy, as if no bankr, identifying MDOR caller and providing caller's contact info; asked for H's permission to re-open bankruptcy and seek sanctions for penalty demand | 0.10  |
|            | LJB | rs end of stay protecting debtor and stay protecting estate prop, in light of delay betw 03/26/14 Discharge and 05/01/14 Order Closing Case<br>- Discharge ended stay against actions to collect against debtor, 362-c-2-C. This includes postpet wages in a c7,<br>- Closing Case ended stay protecting estate property. 362-c-1, 554-c. | 0.20  |
|            | LJB | mot/sanctions                                                                                                                     | 2.20  |
|            | LJB | rev emf W x4 re permission to re-open case, questioning exactly what re-opening the case means, providing details of call from MDOR, desire to speak with me | 0.30  |
|            | LJB | emf W w addl details, revise mot/sanctions                                                                                         | 0.30  |
|            | LJB | tct W to explain "reopening", learned more details recalled of MDOR call, asked for em w addl text.                               | 0.10  |
|            | LJB | rev/resp emf W w addl words of call, adding that a voicemail was also left, asked for message as well<br>- emf W w message words, revised mot/sanctions. | 0.20  |
|            | LJB | prep mot/reopen, final mot/contempt sanctions, file.                                                                               | 0.40  |
|            | LJB | mot/sanctions                                                                                                                     | 2.20  |
|            | LJB | rev 917a emf W asking if I rec'd their email w permission, 932a emf W "what exactly does it mean to reopen case", 1013a emf W w details of call (incorporated into draft mot/sanctions)<br>1014a emf W of needing to speak w LJB<br>- status tct cl, learned that phone call contents were summarized, instructed need complete detailed best recollection, she to do this after work. | 0.30  |
| 06/11/15   | LJB | fax MDOR's Cooley w mot reopen, mot contempt, sugg no further action and have Dept bankr counsel contact me                       | 0.20  |
|            | LJB | vmf W, we should talk because mdor sent ltr in mail and some penalties taken off and some penalties added after bankr             | 0.10  |
|            | LJB | emf W of having recd MDOR ltr wo "some" penalties, still owes $55k<br>- send me ltr<br>emf W2, name was Kulig not Cooley although Ws phone said Cooley, demands pyt by 08/08/15 | 0.10  |
|            | LJB | rev/resp emf W of the one pg from MDOR all she got, will p/u cmrrr tomorrow to see what else                                       | 0.10  |
| 06/15/15   | LJB | rev/resp emf W with attempts to clarify what was recently rcv'd by Clients from MDOR;  suggested appt if confusion                 | 0.20  |
|            | LJB | rev/resp emf W sending dupe images of MDOR pages of Final Notice                                                                   | 0.10  |

Steven R. McCarthy                                                              Page    4

| Date | | Description | Hours |
|---|---|---|---|
| 06/15/15 | LJB | rev/resp emf W attaching additional page of MDOR Final Notice (it reads "Understanding the Consolidated Bill"<br>- asked W to plz keep appt and bring both complete ltrs | 0.10 |
| 06/17/15 | LJB | prep for, attend conf w/cls;  confidential file memo prepared | 0.80 |
| | LJB | nilm MDOR Examiner Kulig, status details, will attempt to fax mot/contempt again as last wk failed, plz provide your email addr | 0.10 |
| 06/18/15 | LJB | review Kulig msg, bankr mots faxed to new 413 # per Kulig request | 0.10 |
| *06/24/15 | LJB | rev MDOR Opposition (Celine Jackson), review cited cases to determine sovereign immunity ltd to fed;  confidential file memo prepared | 1.30 |
| 07/01/15 | LJB | emt MDOR Atty Jackson of hearing, settlement, noting oppty per CA 2's discussion of Ex parte Young exception to make Commissioner Nunnelly liable, also 42 USC 1983 avail, here are terms | 0.90 |
| 07/02/15 | MRB | edits to timebilling for privilege and confidentiality | 0.30 |
| 07/17/15 | LJB | emf Atty Jackson, met with MDOR general counsel (Kevin Brown) respectfully declines settlement<br>- status emt cls | 0.20 |
| 07/20/15 | LJB | review MDOR Supplemental Opposition to LJB mot/contempt sanctions;  file memo prepared | 1.00 |
| 07/21/15 | LJB | rev FRE, expd mot/strike Exh B (my em to DOR) | 0.10 |
| | LJB | rev FRE 408 intro of settlement negots as pertains to Suppl Oppn Exh B, my email, re oppn text | 0.20 |
| | LJB | emt Foscade-Condon<br>- presentation to ct of my email, poss violating fre 408<br>- not telling me I sent you email intended to cls | 0.10 |
| **07/22/15 | LJB | prep for hrg, review Venne filings, further review of Torres;  attend hearing;  post-hrg file memo prepared | 1.70 |
| 07/24/15 | LJB | rs 524 prohibited punitives v allowed contempt;  file memo prepared | 0.80 |
| | LJB | emt Foscade-Condon to encourage settlement revisit | 0.10 |
| | LJB | rs parameters of ex rel Young<br>(- ltd to prospective relief, unk if rel here since MDOR clarified in ct that 2d notice was corrective, not obvious on its face, but that was after motion was filed) | 0.70 |
| | LJB | begin rs EAJA alt fee hrly rates per 106 | 0.40 |
| 07/28/15 | LJB | review file, all notices | 0.40 |
| | LJB | rs into MDOR Suppl Oppn cited GL c 62, sec 33(b), confirm was repealed 1976,<br>- emt MDOR counsel for penalty statute cite and for dates used to calculate the seven penalty amounts 2001-2006 with 2006 assessed twice. | 0.20 |
| 07/29/15 | LJB | after reviewing In re Fahey, conclude Suppl Oppn cite likely meant c62C sec 33(b) not c62 sec 33(b), late pyt pen 1%.mo or any part of a month | 0.30 |
| | LJB | prepare file memo outlining current status of issues | 0.50 |

Steven R. McCarthy                                                                      Page    5

|  |  |  | Hours |
|---|---|---|---|
| 07/29/15 | LJB | rev/resp emf Foscade-Condon correcting to c62C, all late pyt pens abated from pre-three yrs prepet, 06/12/15 Final Notice was for post-three yrs prepet, 25% cap reached after two yrs<br>- what about assessment dates in 06/09/15 Notice of Intent to Publish<br>- is there a policy rsn why each notice does not have assessment dates? | 0.20 |
|  | LJB | rev/resp emf Foscada-Condon If Notice of Intent needing a date so stat of giving timely advance Notice can be followed, assessment date is date of tax return receipt so no need to correct, The late filed penalties were deleted (abated) which is separate from the late payment penalties<br>- then what dates used to calc pens and any doc or record?<br>- or is the 25% cap self-enforcing?<br>- note $2.58 variance betw the two notices | 0.20 |
| 07/30/15 | LJB | informal meeting w/ colleague discussing MDOR calc of disch'd pens, assessment date (received date) v date of "event" | 0.20 |
| 07/31/15 | LJB | rev 07/30/15 126p emf colleague re assessment date (received date) vs. date of event | 0.10 |
|  | LJB | rev/resp 07/30/15 emf Foscade-Condon of intent to send printouts showing calcs of int and tax cmrrr, too sensitive for em<br>- I trust will inc pen calc factors | 0.10 |
|  | LJB | emf Foscade-Condon confirming printout to have computation of tax and all stat additions, int & pens | 0.10 |
| 08/04/15 | MRB | further edits to timebilling for confidentiality and privilege | 0.30 |
| 08/05/15 | LJB | rs adding comm'r as addl or subst respondent<br>(- Kenner: DeAngelis v. Laskey (In re DeAngelis), 239 B.R. 426 (Bankr. D. Mass. 1999), injunctive relief under ex rel Young<br>-  the effects of the Eleventh Amendment (which may preclude application of 11 U.S.C. section 105 to the Department), the Fourteenth Amendment (which may supercede the Eleventh Amendment), and the Department's Proof of Claim filed in this case (which may waive the Department's exercise of the Commonwealth's sovereign immunity). See generally California v. Harleston (In re Harleston), 275 B.R. 546, 550 (B.A.P. 9th Cir. 2002).)<br>- no need to seek injunction bc already have one. | 0.70 |
|  | LJB | emt Foscade-Condon w draft fees & costs | 0.10 |
|  | LJB | rs inherent ct powers as distinguished from prohibited punitive dmgs<br>(- CA 1 2015 Carbono:  regular and repeated use of "punitive" likely to bring within sec 106 prohibited punitive dmgs<br>- leaves state actor to repeatedly violate with impunity unless ex rel Young applies to allow contempt v the Comm'r | 0.30 |
| 08/06/15 | LJB | detailed emt Natl Cons Bankr Rights Ctr | 0.40 |
| 08/07/15 | LJB | review transcript of 07/22/15 hrg on mot/contempt, note errors in transcription and in MDOR's presentation as to wrong unfiled return pen abated, confirm intent to continue to Notice other pen (no pyt), whether systemic error truly corrected | 0.30 |

Steven R. McCarthy                                                   Page      6

| | | | Hours |
|---|---|---|---|
| 08/07/15 LJB | re-read HJB's Gray decision, conclude was mis-cited.  CA 1's Arecibo ruled immunity waiver from poc; Gray ruled waiver part of state's assent to Const's "uniform rules of bankr". | | 0.30 |
| 08/10/15 TMC | emt Chambers to order mp3 of transcribed hrg as apparently inaccurate | | 0.10 |
| 08/12/15 LJB | rs US Central Virginia Community College: | | 0.40 |
| 08/13/15 LJB | compare 07/22/15 hrg recording v transcript | | 0.50 |
| LJB | emt MDOR atty w sugg'd transcript corrections | | 0.20 |
| | - em bounced 2x, faxed | | |
| | - realized cannot fax the recording, sent to MDOR ATty John O'Donnell who attended hrg also. | | |
| 08/14/15 LJB | Emt Celine discussing my responsive thoughts, asking for assistance in narrowing disagreement so we both may be efficient | | 0.60 |
| | - confirm contining billing for late pyt, we disagree as to the "transaction or event" being the return's due date or the Dept's later assessments, here's my state statute and CMR cites in support | | |
| | - other issues. | | |
| LJB | emf Celine, no obj to transcript revisions and one addl added | | 0.10 |
| LJB | Mot Correct Transcript | | 0.30 |
| 08/17/15 LJB | rev/resp emf Celine of intent to send printout cmrrr today, says the late pyt 33(b) pens are continuing into the nondisch'ble period w/in three yrs prepet | | 0.20 |
| | - what about reg saying calc begins w return due date? | | |
| | - if we continue to disagree, suspend discovery & mot/amend while we brief MSJs? | | |
| LJB | emt colleagues re untimey pyt pens accrual date(s) | | 0.20 |
| 08/21/15 LJB | rev 08/17/15 ltr from Foscade-Condon enclosing MassTax printouts as of 06/12/15, last Final Notice | | 0.40 |
| LJB | rs no pyt penalty discharge - event or transaction or assessment date as 523-a-7-B trigger date | | 1.50 |
| | - Frary | | |
| 08/22/15 LJB | rev, analyze Central Virg Comm Coll for effect of sec 106 in light of no state sovereign immunity, particularly punitive & emot distress avail | | 0.40 |
| 08/23/15 LJB | extensive research, some supporting cases compare due date with actual filed date but no assessment, many discuss penalties without differentiating betw late filed and late pd. | | 3.80 |
| LJB | complete analysis of Central Virginia, | | 0.20 |
| 08/24/15 LJB | prep internal memo on class action potential | | 0.60 |
| LJB | emt addl tax colleagues for case law assistance | | 0.10 |
| 11/30/15 LJB | rev/resp status emf W | | 0.10 |
| 12/14/15 LJB | tct Atty de la Foscade-Condon sugg'g we ask ct to suspend discovery and put off Wed's PTC and set MSJ deadlines as we had agreed, | | 0.10 |
| | - she did not recall, | | |
| | - me to forward the emails | | |

Steven R. McCarthy                                                Page     7

|  |  |  | Hours |
|---|---|---|---|
| 12/14/15 LJB | draft mot/cont hrg, suspend discovey, set msj deadlines, emt Foscade-Condon at both known em addresses | | 0.60 |
| 12/15/15 LJB | rev/resp emf Foscade-Condon wanting to go forward w tom's hrg as disc deadline has passed<br>- we could suspend on further action on your discovery and retro suspension of mine<br>- I'll file unilaterally<br>- how much time for resp to my msj to be filed by next wk<br>- did you get my 08/17/15 email? | | 0.20 |
| LJB | emf Foscade-Condon<br>- did get my 08/17/15 em<br>- will oppose my mot, | | 0.10 |
| LJB | modify mot to suspend and set msj deadlines, file | | 0.80 |
| LJB | order sch'g hrg on mot/suspend and set msj deadlines for tomorrow at 3p, debtors to provide tel & fax & e-notice forthwith | | 0.10 |
| LJB | nilm Foscade-Condon also confirming fax #, fax to Foscade-Condon, emt Foscade-Condon<br>- prep cs | | 0.10 |
| LJB | rev 12/14/15 emf W of not understanding docs, tct W explaining, emt W repeating expl | | 0.30 |
| 12/16/15 LJB | MDOR Oppn to mot/suspend discovery and set msj deadlines<br>- to late to suspend discovery | | 0.20 |
| 12/17/15 LJB | rev/resp emf W proposing settlement | | 0.10 |
| LJB | meeting w MRB discussing grounds for MDOR position of MSJ premature as no previous mot/declaration of dischargeability per all the consolidated Fahey cases before a mot/contempt | | 0.10 |
| LJB | prep file memo of legal status and theories from yesterday's hearing presentation | | 0.20 |
| LJB | review, supplement research. | | 2.50 |
| LJB | emf W of settlement offer $ avail, | | 0.10 |
| LJB | settlement offer to Foscade-Condon, attaching Fox and Wilson cases. | | 0.20 |
| 12/18/15 LJB | emt Foscade-Condon cond'g settlement upon fees,whether agreed or ct-resolved | | 0.10 |
| 12/21/15 LJB | rev/resp emf Foscade-Condon not wanting to settle w/o resolution of my fees - we can leave to ct<br>- 2008 offer denied because (1) all returns not filed, (2) not comprehensive for all tax yrs, and (3) only 20% - will forward to cls for consideration | | 0.10 |
| LJB | rev/resp emf W<br>- current value of services, is growing<br>- sig dmany year elay as to your 2008 offer not surprising, is same as stated in another case<br>- here is eight step OIS procedure alt to litigation | | 0.30 |

Steven R. McCarthy                                                          Page      8

|  |  |  | Hours |
|---|---|---|---|
| 12/22/15 | LJB | rs MDOR SOL as a factor contributing to settlement | 0.40 |
|  |  | - each Notice of Lien states it expires ten yrs 30 days after assessment unless a new Notice is recorded; three Notices recorded (if our file is accurate) |  |
|  |  | - 04/04/08, 07/15/08 - 07/25/08, & 04/15/09 |  |
|  |  | - Hillman's In re Drake notes new 10 yr SOL and a Transitional Rule making it retro |  |
|  | LJB | review file, prep Chrono | 0.80 |
|  | LJB | begin analysis MDOR printout | 0.30 |
|  | LJB | emt Foscade-Condon asking if Dept applies same argument of new assessment dates to bring late-paid penalties into the three year period to extend ten yr SOL on main tax debt? Our case involves 2001 - 2006 | 0.10 |
|  | LJB | rev/resp emf cl for expl of recently received docs | 0.10 |
| 12/23/15 | LJB | rev/resp emf Foscade-Condon use of assessment dates not due dates for SOL, SOL exended while bankr open but no as to using re-assessment dates | 0.10 |
|  | LJB | emf cl confirming expectation of settlement acceptance timing, unfair to be charged int and pens during 3 yr wait before MDOR rejected earlier offer | 0.10 |
| 12/24/15 | LJB | rev/resp emf Foscade-Condon of no such thing as reassessement, only addl assessment | 0.10 |
|  |  | - will additional assessment start new 10 yr period to run |  |
| 12/28/15 | LJB | rev/resp emf Foscade-Condon clarifying, addl/new assessment starts new SOL only for the newly assessed amount. | 0.10 |
| 01/13/16 | LJB | rev/resp emf NCBRC AttyTwomey of NACBA Atty Dan Press' offer to read SJ brief before filing, she also willing. | 0.10 |
| 01/14/16 | LJB | Prep draft resps to ints | 1.60 |
| 01/15/16 | LJB | further revisions to draft int resps | 0.20 |
|  | LJB | conf w cls overviewing int resps | 0.20 |
|  | <mark>LJB</mark> | <mark>conf w cls after review of draft ints, discussion of calculating value if their time for actual damages.</mark> | <mark>0.30</mark> |
|  | <mark>LJB</mark> | <mark>tcf W w Sch C gross taxable inc (to calculate value of cls' time)</mark> | <mark>0.10</mark> |
|  | <mark>LJB</mark> | <mark>final revs to int resps</mark> | <mark>0.50</mark> |
|  |  | <mark>- three appts 04/15/14 (42 min), 06/17/15 (48 min), & 01/15/16 (30 min), total 120 min for each</mark> |  |
|  |  | <mark>- 23 min each way x 2 = 46 min x 3 = 128 min each, total 248 min each</mark> |  |
|  |  | <mark>- + estd 1.5 hrs each total communications w ljb and between themselves</mark> |  |
|  |  | <mark>- Ludlow to Spd 21 miles x 2 = 42 miles x 3 126 miles</mark> |  |
|  | LJB | prep doc resp | 1.50 |
|  | LJB | emt MDOR counsel w disc resps | 0.10 |
| 02/05/16 | LJB | prelim review MDOR motion for summary judgment, memo, and exhibits | 0.40 |
|  | MRB | MLBR 7056-1 incorporates U.S. Dist. Ct Dist. MA Local Rule 56.1 re Motions for Summary Judgment | 0.20 |
|  |  | - Dist. Ct. Local Rule 56.1 says that motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is |  |

Steven R. McCarthy                                                      Page    9

|  |  |  | Hours |
|---|---|---|---|
|  |  | no genuine issue to be tried, with page references to affidavits, depositions and other documentation |  |
|  |  | - there's nothing in Dist. Ct. Local Rule 56.1 that requires it be a separate statement, |  |
|  |  | - unlike State Superior Court Rule 9A requirements which does require a separate statement of undisputed material facts |  |
| 02/09/16 | LJB | review MDOR brief and attachments, prep/file MSJ partial & Oppn to MDOR MSJ & Brief supporting both | 3.80 |
|  | LJB | review/resp status inquiry emf W | 0.10 |
| 02/10/16 | LJB | rev/resp emf colleague, thoughts on improving brief | 0.10 |
| 02/11/16 | LJB | notice of hearing 03/09/16 1130a for both msj's on motion for sanctions, update calendar | 0.10 |
| 02/22/16 | LJB | rev/resp emf Foscade-Condon of intent to move to continue 03/09/16 hrg as is flying to Europe that day | 0.10 |
| 02/23/16 | MRB | MDOR mot/continue 03/09/16 hrg to date later than 03/18/16 | 0.10 |
| 02/25/16 | LJB | review ad transcript 07/22/15 hrg, note irregularity P6 repetition of late filed penalties but no mention of late paid penalties, replay recording to confirm, insert edit on file copy to accurately state recorded words. | 0.40 |
| 02/29/16 | LJB | order cont'g hrg from 03/09/16 to 03/30/16, emt cl, update calendar | 0.10 |
|  | LJB | emf W | 0.10 |
| 03/30/16 | LJB | review filings, prep for hrg, attend (1250p call for 1130a sch'd hrg) | 3.00 |
|  |  | - I argued both cases cited by MDOR were off pt bc trigger was within the 3 yr lookback |  |
|  |  | - ct took under advisement |  |
|  | MRB | Orders on MSJ's, both taken under advisement | 0.10 |
|  | LJB | status emt W, emf W | 0.10 |
| 04/06/16 | LJB | rev/resp emf W of amnesty program waiving penalties | 0.20 |
| 07/07/16 | LJB | 03/30/16 transcript downloaded | 0.10 |
|  |  | - mis-dated as 03/30/15 |  |
|  | LJB | review 03/30/16 MSJ transcript, note errors, draft mot/ emt Foscade-Condon | 0.50 |
|  | LJB | rev/resp emf Foscade-Condon, no obj and will do her own mot | 0.10 |
|  |  | - I'll wait for your draft |  |
|  | LJB | rev emf Foscade-Condon w addl corrections to transcript, rev transcript to confirm, convert mot/correct to jt motion, emt Foscade-Condon for approval | 0.50 |
| 07/08/16 | LJB | emf Foscade-Condon approving jt motion | 0.10 |
|  | LJB | file Jt Motion to correct transcript | 0.10 |
| 07/11/16 | LJB | Order allowing mt mot/correct transcript | 0.10 |
|  | LJB | Doc 106 Corrected official transcript of 03/30/16 hrg filed but not avail until 10/11/16 | 0.10 |
|  |  | - 10/28/16 Document Not Available 13-30959 |  |
|  | LJB | refview Memo & Orders granting debtors' MSJ, denying MDOR's MSJ, sch'g non-ev hrg before Bailey 08/22/16 1130a | 0.70 |
|  |  | - status emt cls |  |

Steven R. McCarthy                                                           Page    10

|  |  |  | Hours |
|---|---|---|---|
| 07/12/16 | LJB | emf W | 0.10 |
| 07/13/16 | LJB | review decision's cited Duby sovereign i, analyze in context of Torres, Central Virginia, and Gray. - write outline of argument | 0.70 |
| 07/15/16 | LJB | Case reassigned to Judge Bailey | 0.10 |
| 07/20/16 | LJB | MDOR mot/continue 08/22/16 hrg, will be outside country until after 08/26/16 | 0.10 |
| 07/22/16 | LJB | order resch'g hrg to 09/19/16 1130a, update calendar | 0.10 |
| 07/30/16 | LJB | outline discovery needs, pattern and practice, prospective relief, retrospective relief, sep fee appl standards under EAJA | 0.50 |
| 09/19/16 | LJB | attend status conf, ct approved pattern and practice discovery over MDOR objection | 1.40 |
| 09/20/16 | LJB | order allowing punitive damage discovery until 01/19/17, - dispute resolution procedures spelled out | 0.10 |
| 09/21/16 | LJB | Review settlement communications | 0.30 |
|  | LJB | rev/resp emf de la Foscade-Condon of intent to file expd mot re avail of punitive dmgs, I will look into this and promptly respond - 2d emt Condon. settlement? | 0.20 |
|  | LJB | rev 106-a-3 bar against punitive dmgs award | 0.10 |
|  | LJB | emt colleagues re punitives despite 106-a-3, class action, & emot distress. | 0.30 |
|  | LJB | rev/resp emf colleague, no punitives no class no emot distress | 0.10 |
|  | LJB | emt cls discussing status, reviewing settlement communications history, asking auth to re-offer settlement as modified | 0.30 |
|  | LJB | prelim rev MDOR mot/recons based on 106-a-3 | 0.10 |
|  | LJB | emt colleague, how to stop repeat violations w/o class inj since actual dmgs and fees will be nominal - em2, call it contempt to coerce | 0.30 |
|  | LJB | tcf W authorizing settlement parameters | 0.20 |
|  | LJB | emf colleague2 agreeing with colleague1 re recovery | 0.10 |
| 09/22/16 | LJB | order on MDOR mot: to determine availability of punitive damages - debtor resp deadline 10/21/16 - MDOR further resp deadline 11/04/16 - hrg 11/14/16 1215p Spd - discovery suspended until hrg | 0.10 |
| 09/23/16 | LJB | further analysis of need for discovery - detailed review of Venne's settlement on discharged meals tax penalties, not income tax late pay or late filed penalties - did MDOR go back 10 yrs SOL when correcting bills for late filed penalty taxpayers? Or considering refunds? - MDOR has not said it sent correcting bills to late pay taxpayers, with or without refunds, going back 10 years. - rev/resp emf colleague | 0.50 |
| 09/26/16 | LJB | rev/resp emf MDOR, I not reiterating prev settlement offer bc liability now established, here's why I want pattern and practice discovery, it's MDOR's turn to counter-propose | 0.20 |

Steven R. McCarthy                                              Page    11

                                                                 Hours

| Date | | Description | Hours |
|---|---|---|---|
| 09/27/16 | LJB | emf W wanting clarification re ct notice recd today | 0.10 |
| | LJB | rev/resp emf W | 0.20 |
| | | - plz send me the ltr | |
| | | rev/resp emf W2 about state not having to pay punitive dmgs and there is a hrg in Nov | |
| | LJB | rev/resp emf W quoting language that led her to think MDOR already won, rev/resp emf W2 | 0.20 |
| | LJB | rev/resp to multiple emf W explaining status in light of one pg order on MDOR Emerg Mot Determine | 0.30 |
| 09/28/16 | LJB | rev/resp emf W thanking, future communications | 0.20 |
| 09/29/16 | LJB | rs 105 v 362 | 0.30 |
| 10/21/16 | LJB | accumulated piecemeal contemplation of theories as to punitive damages and other reasons for discovery | 0.70 |
| | LJB | prep resp to MDOR Mot/Determine Availability of Punitive Dmgs | 2.50 |
| | LJB | prep/file Resp to MDOR Mot/Determine Avail of Punitive Dmgs | 1.10 |
| 10/24/16 | LJB | emt Twomey for assistance re sec 105 avoiding need for class action | 0.40 |
| | LJB | rs sec 105 gen'l inj v MDOR for corrective past and revised future billings, avoiding need for class action | 0.60 |
| | LJB | file amended 07/22/16 transcript as addl exh | 0.20 |
| | LJB | emf Twomey sugg'g key q | 0.10 |
| 10/28/16 | LJB | update fees | 0.60 |
| | LJB | nllm clerk to release Doc 106 07/11/16 Corrected official transcript of 03/30/16 hrg | 0.10 |
| | | - filed but not avail until 10/11/16 | |
| | | - 10/28/16 still  Document Not Available | |
| | | 13-30959 | |
| | LJB | review 07/11/16 corrected transcript of 03/30/16 hrg on msj's; nothing new to add to pending discovery issue | 0.40 |
| | LJB | tcf clerk of release of corrected transcript, download and review | 0.10 |

                                                                 Amount

For professional services rendered                    71.30   $24,627.00


Professional summary

| Professional | Hours | Rate | Amount |
|---|---|---|---|
| L. Jed Berliner, Esquire | 69.30 | 350.00 | $24,255.00 |
| Trina M. Casiano, Paralegal | 0.10 | 110.00 | $11.00 |
| Meghan R. Bristol, Esquire | 1.90 | 190.00 | $361.00 |

Additional charges:

| | |
|---|---|
| 07/28/15- Transcript | 65.00 |

Steven R. McCarthy                                                          Page    12

|                                                                      | Amount |
|----------------------------------------------------------------------|--------|
| 08/10/15- Overpyt refund from Cascade Transcription                  | 28.50  |
| 08/11/15- CD of 07/22/15 hrg Mot Contempt MDOR to compare against transcript | 30.00 |
| Total costs                                                          | $123.50 |

\* Entry contains both compensable and noncompensable tasks. Reduced by .5 hrs on account of noncompensable task.

\*\* Entry contains both compensable and noncompensable tasks. Reduced by .7 hrs on account of noncompensable task.